IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PHILLIP MARC FABRE,

          Plaintiff,

                                 No. 3:12-cv-02220-HZ

                                 OPINION & ORDER

   v.

ELISE THOMPSON, et al.,

          Defendants.

Phillip Marc Fabre
6770 SW 203rd Ct.
Aloha, OR 97007

        Pro se Plaintiff

Chelsea J. Glynn
WASHINGTON COUNTY COUNSEL
155 N. First Ave.,  Ste 340, MS 24
Hillsboro, OR 97124

        Attorney for Elise Thompson and Jason Leinenbach

Elijah B. Van Camp

BRISBEE AND STOCKTON, LLC
P.O. Box 567
Hillsboro, OR 97123

      Attorney for Kimber L. Pezzoni

Peter O. Tuenge
Jamie E. Valentine
KEATING JONES HUGHES, P.C.
One SW Columbia, Suite 800
Portland, OR 97258-2095

      Attorneys for Julie W. Andrews

HERNANDEZ, District Judge:

      Phillip Marc Fabre, pro se, brings eighteen claims against (1) Elise Thompson, an involuntary commitment investigator employed by Washington County; (2) Jason Leinenbach, a Washington County deputy and mental health liaison to the Sheriff's Office; (3) and Kimber Pezzoni, M.D. and Julie Andrews, M.D., private physicians at Providence St. Vincent's Hospital in Beaverton, Oregon. Plaintiff alleges Defendants violated his First, Fourth, Fifth, Thirteenth, and Fourteenth Amendment rights on December 8, 2010, when investigating whether he should be mentally committed pursuant to Oregon statutes. Compl., ¶ 10. Plaintiff also claims Defendants falsely imprisoned him.

      Now before me are three motions to dismiss (#12, #15, #19) filed under rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule") by Thompson and Leinenbach, Pezzoni, and Andrews, respectively. For the reasons that follow, Defendants' motions are GRANTED.

/ / /

2 - OPINION & ORDER

# BACKGROUND

The following facts are alleged in the Complaint and for the purpose of Defendants' motions, are assumed to be true:

Thompson is a "mental health worker in the Washington County in the Washington County Mental Health Division" and Leinenbach is a "police officer and mental health liaison in the Washington County Sheriff's Office".  Compl., ¶¶ 3-4. Andrews and Pezzoni are "doctor[s] at Providence St. Vincent's Hospital".  Id., ¶¶ 5-6.

On December 8, 2010, Plaintiff's "mother allowed Defendants Jason Leinenbach, Elise Thompson, and one unknown officer into her house . . . . The investigators held the extremely annoying belief . . . that the Plaintiff is mentally ill and in need of care . . . ." Id., ¶ 10.  Leinenbach and Thompson questioned "Plaintiff's ownership of a toy gun–one which he had placed on the dash of his vehicle close to the state capitol a week previously[, which] . . . he had intended . . . as a joke . . . ." Id., ¶ 11.  "Thompson and Leinenbach demanded the turning over of the toy gun and a decorative sword which was also seen inside the Plaintiff's vehicle", but "Plaintiff refused to relinquish his ownership of the toy weapons." Id., ¶ 12.

"The decision was made by [Thomson and Leinenbach] that [Plaintiff] would have to go with them, and Defendant Leinenbach cuffed the standing, angered, but compliant Fabre." Id., ¶ 15.  Thompson and Leinenbach found a "perfectly legal knife" in Plaintiff's pocket and took him "against his will . . . to St. Vincent's Hospital in Beaverton, Oregon and held [him there] from 12/8/10 to 12/28/10–over the Christmas Holiday." Id., ¶¶ 16-17.  Plaintiff was "forced to change clothes into mental patient attire, and give up his own, [and] then saw Dr. Julie W. Andrews and Dr. Kimber L.

Pezzoni[, who] . . . unreasonably, privately, and under no scientific regulation searched

[him] for mental illness by taking to examining facts . . . ." Id., ¶ 18.

**STANDARD**

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the

claim showing that the pleader is entitled to relief."  "When ruling on a motion to

dismiss, we accept all factual allegations in the complaint as true and construe the

pleadings in the light most favorable to the nonmoving party."  Knievel v. ESPN, 393

F.3d 1068, 1072 (9th Cir. 2005) (citing Cervantes v. United States, 330 F.3d 1186, 1187

(9th Cir. 2003)).  In order to survive a motion to dismiss under Rule 12(b)(6) for failure

to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged.  Iqbal,

556 U.S at 678.  The plausibility standard is not akin to a "probability requirement," but

it asks for more than a sheer possibility that a defendant has acted unlawfully.  Id.  Where

a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops

short of the line between possibility and plausibility of 'entitlement to relief.'"  Id.

Individuals who are proceeding pro se are held to less stringent standards than

formal pleadings drafted by lawyers.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Pro se filings are construed liberally.  Hebbe v. Pliler, 627 F.3d 338, 341-42 (9th Cir.

2010).  Before the court dismisses a pro se complaint for failure to state a claim, the court

must provide the plaintiff with a statement of the complaint's deficiencies and give the

plaintiff leave to amend the complaint unless it is clear that the deficiencies of the

complaint cannot be cured by amendment.  Rouse v. United States Dep't of State, 548

F.3d 871, 881-82 (9th Cir. 2008).

## DISCUSSION

Plaintiff brings all of his constitutional claims pursuant to 42 U.S.C. § 1983.

Compl., ¶ 1.  Section 1983 provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State . . . subjects, or causes to be subjected, any
> citizen of the United States . . . to the deprivation of any rights, privileges,
> or immunities secured by the Constitution and laws, shall be liable to the
> party injured in an action at law, suit in equity, or other proper proceeding
> for redress.

"To sustain an action under § 1983, a plaintiff must show (1) that the conduct

complained of was committed by a person acting under color of state law; and (2) that the

conduct deprived the plaintiff of a constitutional right."  Balistreri v. Pacifica Police

Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (citations omitted).

## I. Thompson and Leinenbach

It is undisputed that Thompson and Leinenbach acted under color of state law.

Thus, the only question is whether they violated Plaintiff's rights secured by the

Constitution.

### A. First Amendment

Plaintiff alleges Thompson and Leinenbach violated his First Amendment rights

because he had a right "to say whatever he wanted about his ownership and placement of

toy weapons in his privately owned vehicle . . . ."  Compl., ¶ 26.  Plaintiff also alleges

that Thompson and Leinenbach violated his right to "free exercise of religion" and his

"first amendment protections of free thought"  because his "[t]houghts . . . may or may

5 - OPINION & ORDER

not have had were not to be seized or imputed by the course of unilateral invasion into his soul and psyche, blocking the pathways to commune with God who by all accounts hears prayers exercised in the vein of thought form" and because defendants "destroyed his contact with good itself". Id., ¶¶ 28-30. Plaintiff's allegations fail to state a First Amendment claim against Thompson and Leinenbach.

### 1. Freedom of Speech

To state a cognizable First Amendment free speech claim, a plaintiff must plead that his speech was constitutionally protected, that the defendants' actions would chill an ordinary person from continuing in that activity, and that the defendants' actions were motivated by his constitutionally protected speech. Mendocino Envtl Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999).

None of Plaintiff's alleged speech, including his statements concerning "his ownership and placement of toy weapons in his privately owned vehicle", qualify as protected speech under the First Amendment or otherwise qualify as constitutionally protected speech. Even if Plaintiff's speech qualified as constitutionally protected speech, he alleges no facts showing that Defendants' actions would chill an ordinary person from continuing the protected activity or that there was a substantial causal relationship between his constitutionally protected activity and Defendants' adverse action.

### 2. Freedom of Religion

With respect to freedom of religion, "the claimant's proffered belief must be sincerely held; the First Amendment does not extend to 'so-called religions which . . . are obviously shams and absurdities and whose members are patently devoid of religious

sincerity. . . . [T]he claim must [also] be rooted in religious belief, not in 'purely secular' philosophical concerns." <u>Malik v. Brown</u>, 16 F.3d 330, 333 (9th Cir. 1994) (internal citations and quotations omitted).  Plaintiff must also establish that Defendants placed a substantial burden on his free exercise of religion.  <u>Vernon v. City of L.A.</u>, 27 F.3d 1385, 1393 (9th Cir. 1994).

Here, Plaintiff fails to allege facts supporting a claim that Defendants violated his free exercise of religion.  Plaintiff's alleged seizure of his "thoughts", "invasion into his soul", and "contact with good itself" fail to support a First Amendment claim because they do not amount to religious beliefs within the meaning of the First Amendment. Even assuming that Plaintiff's allegations sufficiently allege Plaintiff held a sincere religious belief, Plaintiff fails to allege facts demonstrating that Defendants placed a substantial burden on his free exercise of religion.

In sum, Plaintiff fails to allege facts supporting his claims that Defendants violated his First Amendment rights.

**B. Fourth Amendment**

Thompson and Leinenbach argue Plaintiff's claim alleging violations of his Fourth Amendment rights must be dismissed because they acted in accordance with Chapter 426 of the Oregon Revised Statutes, the chapter addressing commitment and treatment of persons with mental illnesses.  Thompson and Leinenbach argue that Plaintiff's Fourth Amendment claim fails because his factual allegations establish they had probable cause to reasonably believe Plaintiff was mentally ill and in need of immediate treatment.  Finally, Thompson and Leinenbach maintain that Plaintiff's other

constitutional claims fail because Plaintiff fails to support violations of his constitutional rights.

Plaintiff does not respond to all of Defendants' arguments. Rather, Plaintiff contends that "[j]udicial [a]ctivism would prove that Oregon involuntary commitment statutes are vague and overbroad" and that Thompson and Leinenbach "acted in bad faith and without probable cause." Resp., pp. 2-3 (#14). Plaintiff also contends "[t]here were no specific facts tendered by [Thompson and Leinenbach] in regards to dangerousness other than mere ownership of a toy gun" and Thompson and Leinenbach "will have to admit that the skills and tools they tender for use in these examinations are all entirely subjective skills and tools . . . ." Reply, p. 4. Plaintiff maintains that "there was no Global Assessment of Functioning test done as outlined in the American Psychiatric Association's Diagnostics and Statistics Manual-IV-TR pg. 34" and "no scientific method and no prayer in what are supposed to be examinations." Id.

Plaintiff's arguments miss the mark. Plaintiff cites no authority supporting his bald assertion that the Oregon involuntary commitment statutes are unconstitutionally vague and overbroad, let alone how such a claim, even if true, would support a claim against Thompson and Leinenbach.

Plaintiff's Fourth Amendment claim against Thompson and Leinenbach also lack merit because he proffers insufficient factual allegations supporting his argument that Defendants "acted in bad faith and without probable cause." Resp., p. 3 (#14). Other than his conclusory statement that "Defendant Jason Leinenbach subjected Fabre' [sic] to an unreasonable seizure under the Fourth Amendment of the U.S. Constitution", there are no factual allegations supporting such a claim. Compl., ¶ 42. Indeed, Plaintiff's

8 - OPINION & ORDER

allegations support the conclusion that Defendants had probable cause where, albeit annoying to Plaintiff, they "held the . . . belief . . . that . . . Plaintiff is mentally ill and in need of care".  Id., ¶ 10.

Furthermore, Plaintiff's allegations simply generalize his own interpretation of unreasonable searches and amount to conclusions of law that are insufficient to support a Fourth Amendment claim against Thompson and Leinenbach.  Here, the Complaint alleges the following:

> 33.  The Plaintiff had a right to be free from unreasonable search by mental health workers.
>
> 34.  It is unreasonable to search the Plaintiff for mental illness and dangerousness – at the same time – when both objects are a nexus concerning fear-based futures to be fore-told [sic].
>
> 35.  The search is an unequitable [sic] substitute for any secret court in violation of Article 1, Section 10 of the Oregon Constitution.
>
> 36.  The search exercises no scientific control.
>
> 37.  The search produces no objective transcript.
>
> 38.  The search utilizes techniques that would lead to a defense of entrapment if mental health workers had the necessary obligation to report crime outside personal religious concerns.
>
> 39.  In searching the Plaintiff for mental illness and dangerousness, the Defendant mental health workers subjected the plaintiff to an unreasonable search under the Fourth Amendment of the U.S. Constitution. . . .

Id., ¶¶ 33-39.

The fact that Plaintiff has a "right to be free from unreasonable search[es]", that defendants "exercise[d] no scientific control" and "produce[d] no objective transcript", and that defendants "utilize[d] techniques" with which Plaintiff disagrees simply do not support a claim that Defendants violated Plaintiff's Fourth Amendment rights.

9 - OPINION & ORDER

### C. Fifth Amendment

Plaintiff alleges violations of his Fifth Amendment rights based on the seizure of "his body, his competency, and his knife."  Compl., ¶ 45.  The Fifth Amendment's Due Process Clause applies only to the federal government or federal actions.  Lee v. City of L.A., 250 F.3d 668, 687 (9th Cir. 2001) ("The Due Process Clause of the Fifth Amendment and the equal protection component . . . apply only to actions of the federal government–not to those of state or local governments."); Dusenbery v. United States, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'").  Here, Plaintiff does not allege any federal action and there is no evidence that Thompson and Leinenbach had any connection to the federal government.  Additionally, Plaintiff's sole allegation that Defendants violated his Fifth Amendment rights when they "seized his body, his competency, and his knife", by themselves, fail to state a claim for relief under the Fifth Amendment.

### D. Thirteenth Amendment

Plaintiff alleges violations of his Thirteenth Amendment rights on the basis that he was subjected to "involuntary servitude" where he was "forced to work" and where Defendants "demand[ed he] . . . 'Get Better' . . . ."  Compl., ¶¶ 47-48.  Plaintiff asserts that Defendants' demand to "[g]et [b]etter" is "hard labor, mentally."  Id.  "The Thirteenth Amendment prohibits slavery and involuntary servitude, "except as a punishment for crime whereof the party shall have been duly convicted."  U.S. Const. amend. XIII.  Here, Plaintiff pleads no facts, his unsupported statements that he was

"forced to work" notwithstanding, establishing that he was subjected to involuntary servitude in violation of the Thirteenth Amendment.

### E. Fourteenth Amendment

Plaintiff claims Thompson and Leinenbach violated his Fourteenth Amendment due process rights and denied him equal protection under the Fourteenth Amendment. Compl., ¶¶ 49-54.  Plaintiff alleges Defendants violated his Fourteenth Amendment due process rights when they conducted an investigation without "professional concern for science of jurisprudence".  Id., ¶ 50.  Plaintiff also alleges Defendants conducted an investigation "without consideration of legal rights granted criminal defendants or the duty to report even inchoate crimes to law enforcement" and violated his right to be "treated as well as a criminal suspect".  Id., ¶¶ 52-53.  Finally, Plaintiff alleges that Defendants "circumvented criminal procedure, arraignment, and transcript activity and chose to further stigmatize [him] with a mental illness."  Id., ¶ 54.

Plaintiff's Fourteenth Amendment claims fail.  The Fourteenth Amendment provides that: "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."  Board of Regents v. Roth, 408 U.S. 564, 569 (1972).  To state a procedural due process claim, a plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process."  Wright v. Riveland, 219 F.3d 905, 913 (9th Cir. 2000) (citation omitted).  "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to

discriminate against him based upon his membership in a protected class." <u>Serrano v. Francis</u>, 345 F.3d 1071, 1082 (9th Cir. 2003) (citation omitted).

Plaintiff's allegations do not set forth a liberty or property interest protected by the Constitution, a deprivation of an interest protected by the Constitution, or a lack of process within the meaning of the Fourteenth Amendment. I find no authority that Defendants were required to provide Plaintiff with a "professional concern for science of jurisprudence." Plaintiff's conclusory statements that Defendants "circumvented criminal procedure, arraignment, and transcript activity" is insufficient to support his Fourteenth Amendment claims. Finally, Plaintiff fails to allege that he is a member of a protected class within the meaning of the Fourteenth Amendment.

In short, Plaintiff fails to state a claim for relief under the Fourteenth Amendment.

### F. False Imprisonment

Plaintiff's state law claim alleges Defendants falsely imprisoned him. Plaintiff alleges Leinenbach "arrested [him] without probable cause", "confined him to handcuffs and a police car, and caused him to be conducted to hospital custody". Compl., ¶¶ 86, 89. As discussed above, Plaintiff fails to allege sufficient facts supporting his conclusion that Defendants lacked probable cause. Plaintiff's conclusory statements to the contrary, including that Defendants lacked probable cause and that his confinement was unlawful, amount to conclusions of law that this Court need not accept as true. Based on the above, Plaintiff's false imprisonment claim must be dismissed.

## II. Andrews and Pezzoni

Plaintiff alleges essentially the same claims against Andrews and Pezzoni as he does for Thompson and Leinenbach. Notably, Andrews and Pezzoni incorporate

Thompson and Leinenbach's arguments in support of their motions to dismiss.  For the same reasons that Thompson and Leinenbach's motion to dismiss is granted, Andrews' and Pezzoni's motions are also granted.[1]

Andrews' and Pezzoni's motions are also granted for an additional reason: Plaintiff fails to allege facts establishing that Defendants qualify as state actors within the meaning of § 1983.  "In cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); West v. Atkins, 487 U.S. 42, 49 (1988).  To be considered a state action, there must be a sufficiently close nexus between the state and the private actor "so that the action of the latter may be fairly treated as that of the State itself."  Jackson v. Metro. Edison Co., 419 U.S. 345, 350 (1974).

Based on the allegations here, I conclude there are insufficient factual allegations establishing that the actions by Andrews and Pezzoni must be considered as that of the state.  Indeed, Plaintiff concedes that he "does not specifically allege that Dr. Andrews is a state actor or private actor, because she possibly could have erred both ways . . . ." Resp., p. 6 (#23).  Such a response supports my conclusion that Plaintiff fails to allege a § 1983 claim against Andrews and Pezzoni.

---

[1] Andrews asserts Plaintiff's claims are barred by issue preclusion because one of his state court cases, which Andrews argues included the same issues as here, was previously dismissed with prejudice.  Andrews' argument is unavailing.  A careful review of the record shows that the state court action on which Andrews relies was based on a separate incident.  In that action, Plaintiff alleged "[p]olice invaded [his] vehicle without warrant", defendants "shot [him] with a rubber bullet", and Plaintiff was "conveyed . . . into an ambulance against [his] will."  Van Camp Decl., Ex. 1, p. 1.  Suffice it to say, those allegations are different than those alleged here and thus, do not support the conclusion that Plaintiff's claims are issue precluded.

Plaintiff asserts Defendants are "clothed with the authority of state law" because they are "asked by state statute to predict the future conduct of citizens who are seized . . . ." Resp., p. 2 (#23); Resp., p. 2 (#24).  I find no authority, and Plaintiff does not cite any, specifically establishing that a person wrongly committed for evaluation is necessarily a victim of state action.  Plaintiff also cites no authority establishing that a private physician acting pursuant to a state statute makes that physician's actions equivalent to that of the state itself.  The fact that Andrews and Pezzoni acted in accordance with state statutes does not establish that their alleged wrongful acts must be treated as that of the state based on the allegations in the Complaint.

In sum, Plaintiff's claims against Andrews and Pezzoni are dismissed for failure to state a claim.

## CONCLUSION

For the reasons stated above, Defendants' motions to dismiss (#12, #15, #19) are GRANTED.  Pending motions, if any, are denied as moot.

IT IS SO ORDERED.

Dated this _____ day of _____, 2013.

MARCO A. HERNANDEZ
United States District Judge